**James E. PERKINS, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 82–3656.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1983.

Decided Jan. 10, 1984.

---

John McClorey, argued, Sword & McClorey Law Offices, Somerset, Ky., for petitioner.

Dale G. Zimmerman and Karl Blank, argued, Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before EDWARDS and MARTIN, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.*

PER CURIAM.

In this case James Perkins appeals from a unanimous decision of a three-member Railroad Retirement Board denying him a disability annuity for the period 1976–1981. He had applied for these benefits after the railroad determined that he was no longer fit to continue work as a truck driver in 1975.

At oral argument of this case, the court was advised by the parties that the Railroad Retirement Board had found Mr. Perkins to be disabled from all work from November 2, 1981, on grounds at least related to those raised in his earlier application.

The government argued that we should affirm their denial of benefits for the preceding years, 1976–1981, based upon their contention that his disability was remediable. This court has held in *Henry v. Gardner*, 381 F.2d 191 (6th Cir.1967): "An impairment that can be remedied by treatment will not serve as a basis for a finding of disability." More recently this court has also held, in a case where disability was based upon spinal problems, as follows:

> The myelogram and possible operations were "suggested" and offered as alternative procedures. Though doctors recommended these procedures, no one appears to have prescribed them. Both Young and his wife gave explanations for his reluctance to submit to these procedures.

There was no testimony that Young's unwillingness to follow these particular recommendations constitutes a willful failure to follow prescribed treatment. *Young v. Califano*, 633 F.2d 469, 473 (6th Cir.1980).

We find no evidence that appellant willfully failed to follow a "prescribed treatment." The Board's later decision suggests that disability probably should have been found earlier. In any event, our review of the earlier record satisfies us that there was no evidence to support the Board's finding that Mr. Perkins' obesity was remediable.

It is the decision of this court that the Board's order should be vacated and benefits be allowed for the years 1976–1981.